NELSON MULLINS RILEY & SCARBOROUGH LLP
RYAN E. COSGROVE, State Bar No. 277907
*ryan.cosgrove@nelsonmullins.com*
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone: 424.221.7400
Facsimile: 424.221.7499

Attorneys for Defendant,
CROWN EQUIPMENT CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PROLOGIS NA2 U.S., LLC, a Delaware Corporation; UNILEVER FOODS, an unknown form of business entity; CROWN EQUIPMENT CORPORATION, an Ohio Corporation. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**CROWN EQUIPMENT CORPORATION'S NOTICE OF REMOVAL**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:      June 6, 2022 |

TO THE CLERK OF THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Crown Equipment Corporation ("Crown"), hereby removes the action entitled *Johnson v. PROLOGIS NA2 U.S., LLC*, San Bernardino Superior Court Case Number CIVSB2211446, to this Court.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because this is a civil action between citizens of different countries and/or states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.   BACKGROUND

1. On or about June 6, 2022, this action was commenced in the Superior Court of the State of California, County of San Bernardino, entitled *Johnson v. PROLOGIS NA2 U.S., LLC*, San Bernardino Superior Court Case Number CIVSB2211446.

2. The Complaint was served on Crown on or about July 11, 2022. A copy of the pleadings and the process served on Crown are attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a). No other pleadings, process or orders have been served on Crown, other than those attached hereto as Exhibit A.

3. The Complaint asserts negligence, product liability, and breach of warranty claims against Crown related to injuries sustained by Plaintiff on or about October 3, 2021 while he was operating a forklift. Complaint, ¶ 20.

4. The Complaint alleges Plaintiff sustained severe injuries and seeks economic and non-economic damages. Complaint, ¶ 21 & Prayer.

## II.   BASIS OF REMOVAL

5. This case is being removed under 28 U.S.C. §§ 1441(b) and 1446. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000 and complete diversity of citizenship exists between all properly joined parties.

### A.   The Claimed Amount in Controversy Satisfies the Jurisdictional Minimum under 28 U.S.C. § 1332(a).

6. It is apparent from a review of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of costs and interest. A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not clearly specified in the complaint, the Court may consider facts in the complaint as well as in the removal petition. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal.

2002)*; Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997*); accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (stating that the Court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy.").

7. Although Crown denies any liability to Plaintiff, his allegations of injury and damages plainly place more than $75,000 in controversy. Plaintiff submitted a statement of damages that seeks over $4,000,000 for pain and suffering, emotional distress, medical expenses, loss of earnings, and loss of quality of life. *See* Complaint, Statement of Damages. Therefore, analyzing the Complaint in a light most favorable to Plaintiff, while not admitting liability for any amount, the amount of damages alleged to be in controversy for Plaintiff exceeds $75,000, exclusive of interest and costs. *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107-08 (9th Cir. 2010) ("even though the state court complaint does not specify an amount" it satisfied amount in controversy requirement by requesting damages for, among other things, wrongful death, loss of consortium, negligence and funeral, medical and burial expenses); *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (apparent from the complaint that amount in controversy met where plaintiffs asserted strict products liability and negligence claims against multiple defendants and complaint sought compensatory damages for wage loss, hospital and medical expenses, general damages, and loss of earning capacity); *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (holding that a "complaint obviously asserts a claim exceeding $75,000" where plaintiffs alleged serious medical complications from ingestion of a prescription drug); *Bailey v. J.B. Hunt Transp., Inc.*, No. 06-240, 2997 WL 764286, at *6 (E.D. Pa. Mar. 8, 2007) (finding amount in controversy requirement satisfied where complaint alleged a "litany of serious, permanent injuries," "surgeries and treatments" and "the alleged permanent impairment

of [the] ability to enjoy life's activities"); *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037-38 (E.D. Mo. 2002) (despite plaintiffs' assertion that their total damages did not exceed $75,000, the court held that it was "facially apparent" that the amount in controversy was met where plaintiffs alleged that they "suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; [and] have permanent, progressive, and disabling injuries").

8. Additionally, based on these allegations and counsel's familiarity and experience in litigating product liability cases, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

**B.     Complete Diversity of Citizenship Exists Among the Parties.**

9. Diversity of citizenship is determined by the citizenship of all properly joined parties as of the date of the filing of the complaint. 28 U.S.C. §§ 1332, 1441.

10. Crown is informed and believes Plaintiff is a citizen of California for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332. *See* Complaint, ¶ 1.

11. Crown is a citizen of Ohio, as it is incorporated and has its principal place of business there. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). True and accurate copies of the Articles of Incorporation of Crown Controls Company, Inc., filed with the office of the Secretary of State of Ohio on March 17, 1947, as well as the as-filed April 18, 1988 Certificate of Amended Articles of Incorporation, changing the name of Crown from Crown Controls Company, Inc. to Crown Equipment Corporation, are attached hereto as **Exhibits B** and **C**, respectively.

12. Crown is informed and believes Prologis NA2 U.S., LLC is a Delaware

Corporation and has its principal place of business in Colorado. *See* Complaint, ¶ 3.

13. Crown is informed and believes Unilever is incorporated in Delaware and has its principal place of business in New Jersey.

14. With regard to the Doe defendants named in the Complaint, they pose no impediment to removal in this case because Courts have consistently held that the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441 (b)(1); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1527 (9th Cir. 1989) (noting that "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction").

15. As Plaintiff is a citizen of California and Crown, Prologis, and Unilever are not citizens of California, there is complete diversity of citizenship between the properly joined parties to this lawsuit.

### III.   COMPLIANCE WITH REMOVAL STATUTES

#### A.   Proper Venue

14. The United States District Court for the Central District of California encompasses San Bernardino County, the county in which the Plaintiff filed the state court action and where the subject incident occurred. *See* Complaint. Therefore, this case is properly removed to this Court under 18 U.S.C. § 1441(a).

#### B.   Timeliness of Removal

15. Crown was served with a copy of the Complaint on or about July 11, 2022.

16. This Notice of Removal was filed within 30 days after service of the Complaint on Crown, and is therefore timely under the provisions of 28 U.S.C. § 1446(b). No previous application has been made for the relief requested herein.

#### C.   Notice

17. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the Clerk for the Superior Court of the State of California for the County of San Bernardino.

17. Crown is informed and believes Prologis and Unilever consent to removal.

## IV. NON-WAIVER OF DEFENSES

18. In removing this case to federal court, Crown has not waived any available defenses to the allegations asserted against it in the Complaint and, unless otherwise stated in Crown's Answer, Crown has not admitted to any of the allegations set forth in the Complaint. Crown expressly reserves the right to assert all available defenses to each allegation in the Complaint.

## V. DEMAND FOR JURY TRIAL

19. Crown demands trial by jury on all issues appropriate for jury determination.

## VI. CONCLUSION AND PRAYER

As set forth above, all of the prerequisites for removal have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Accordingly, Crown respectfully requests that this lawsuit be removed to the United States District Court for the Central District of California.

DATED: August 5, 2022

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:     /s/ *Ryan E. Cosgrove*
RYAN E. COSGROVE
Attorneys for Defendant
CROWN EQUIPMENT CORPORATION

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 19191 South Vermont Avenue, Suite 900, Torrance, CA 90502. On the date set forth below, I served the within document:

**CROWN EQUIPMENT CORPORATION'S NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL**

☐ ELECTRONIC - by transmitting via email the document(s) listed above to the email address(es) set forth on the attached service list on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail addressed as set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UPS.

Demos P. Anagnos, Esq.  
Law Offices of Demos P. Anagnos  
8117 West Manchester Avenue, Suite 860  
Playa Del Rey, California 90291  
Phone: 310.915.5500  
Fax:  877.440.0908  
Email: demosanagnoslaw@gmail.com

Attorneys for Plaintiff,  
Kenneth Johnson

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August 5, 2022, at Torrance, California.

_____  
Judy Carter