# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Prologis NA2 U.S., LLC; a Delaware Corporation; Unilever Foods, an unknown form of business entity; Crown Equipment Corporation, an Ohio Corporation; and Does 1 through 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

**LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Kenneth Johnson, an Individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**JUN 16 2022**

BY _____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*El nombre y dirección de la corte es):*<br><br>SAN BERNARDINO JUSTICE CENTER<br>247 West Third Street<br>San Bernardino, California 92415 | **CASE NUMBER** *(Número del Caso):*<br>**CIVSB 2 2 1 1 4 4 6** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Demos P. Anagnos, Esq. 103191 Law Offices of Demos P. Anagnos
8117 West Manchester Avenue, Suite 860 (310) 498-6600
Playa Del Rey, California 90291

| DATE:<br>*Fecha)* | **JUN 16 2022** | Clerk, by<br>*(Secretario)* | _____ | , Deputy<br>*(Adjunto)* |

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (*specify*):

3. ☑ on behalf of (*specify*):   Crown Equipment Corporation.
   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (*specify*):
4. ☐ by personal delivery on (*date*):

*Page 1 of 1*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

JOHNSON, KENNETH

Demos P. Anagnos, Esq. SBN 103191
demosanagnoslaw@gmail.com
**Law Offices of Demos P. Anagnos**
8117 West Manchester Avenue, Suite 860
Playa Del Rey, California 90291
Main Line: (310) 915-5500
Cell Phone: (310) 498-6600
Facsimile: (877) 440-0908

Attorneys for Plaintiff,
**KEN JOHNSON**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 06 2022

BY _____
Merdee Gray    DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| KENNETH JOHNSON, an Individual; | Case No.: **CIV SB 2 2 1 1 4 4 6** |
| | *[Assigned for All Purposes: Hon.* |
| Plaintiffs, | *Department: ]* |
| vs. | **COMPLAINT FOR DAMAGES** |
| | |
| | 1. **Negligence as to Defendants Prologis NA2 U.S., LLC and Unilever Foods;** |
| | 2. **Premises Liability as to Defendants Prologis NA2 U.S., LLC and Unilever Foods;** |
| | 3. **Negligence as to Defendant Crown Equipment Corporation;** |
| | 4. **Negligence Per Se as to Defendant Crown Equipment Corporation;** |
| | 5. **Strict Product Liability as to Defendant Crown Equipment Corporation;** |
| PROLOGIS NA2 U. S., LLC, a Delaware Corporation; UNILEVER FOODS, an unknown form of business entity; CROWN EQUIPMENT CORPORATION, an Ohio Corporation; and DOES 1 through 50, Inclusive | 6. **Failure to Warn as to Defendant Crown Equipment Corporation;** |
| | 7. **Breach of Implied Warranty as to Defendant Crown Equipment Corporation; and** |
| | 8. **Breach of Warranty as to Defendant Crown Equipment Corporation.** |
| Defendants. | |
| | **Complaint Filed:** |
| | **Trial Date:** |

1

**COMPLAINT FOR DAMAGES**

**COMES NOW**, Plaintiff, Kenneth Johnson, for causes of action against the Defendants, Pro Logis NA2 U.S., LLC, a Delaware Corporation; Unilever Foods, an unknown form of business entity; Crown Equipment Corporation, an Ohio Corporation; and DOES 1 through 50, and herby states and alleges as follows:

## THE PARTIES TO THE LAWSUIT

1.      At all times mentioned herein, Plaintiff, Kenneth Johnson is/was a resident of the City of Highland, County of San Bernardino, and State of California.  Plaintiff was in course and scope of employment with Excel, Inc., at the time of the October 3, 2021 incident.

2.      At all times mentioned herein, 305 Resource Drive, Bloomington, California was/is the location of the October 3, 2021 incident.

3.      At all times mentioned herein, Defendant, Prologis NA2 U.S., LLC, a Delaware Corporation was/is doing business in the State of California, and was/is the owner responsible for the management, operation, supervision, control and maintenance of the property, located at 305 Resource Drive, Bloomington, California, where the October 3, 2021 incident took place, which is the subject matter of this lawsuit.   Defendant, Prologis NA2 U.S., LLC corporate address is 1800 Wazee Street, Suite 500, Denver, Colorado 80202.

4.      At all times mentioned herein, Defendant, Unilever Foods, an unknown form of business entity was/is doing business in the State of California, and was/is the owner responsible for the management, operation, supervision, control and maintenance of the property and equipment used on the property, located at 305 Resource Drive, Bloomington, California, where the October 3, 2021 incident took place, which is the subject matter of this lawsuit.   Defendant, Unilever Foods' address is 305 Resource Drive, Bloomington, California.

5.      At all times mentioned herein, Defendant, Crown Equipment Corporation, an Ohio Corporation was/is doing business in the State of California, and was/is the manufacturer responsible for the manufacturing, compounding, packaging, designing, distributing, testing, constructing, failing to install a guard on the product, fabricating, analyzing, recommending, merchandising, advertising, promoting and selling a product called the Crown Stand-up Reach Forklift used on the property, located at 305 Resource Drive, Bloomington, California, where the October 3, 2021 incident took

**COMPLAINT FOR DAMAGES**

1  place, which is the subject matter of this lawsuit.  Defendant, Crown Equipment Corporation' address

2  is 44 South Washington Street, New Bremen, Ohio 45869.

3      6.      Defendants DOES 1-50, inclusive, are sued pursuant to the provisions of *California*

4  *Code of Civil Procedure §474*.  Plaintiff is ignorant of the true names and capacities of Defendants

5  DOES 1-50.  Plaintiff is informed and believes and on that basis of such information and belief alleges

6  that all fictitiously named Defendants and each of them, have some connection with the activities

   herein complained of, and are responsible in some way for the wrongful conduct herein alleged.

7                                   **GENERAL ALLEGATIONS**

8      7.      Plaintiff, Kenneth Johnson alleges that Defendants, Pro Logis NA2 U.S., LLC; Unilever

9  Foods; Crown Equipment Corporation; and DOES 1 through 50, were the legal and proximate cause of

10  damages to Plaintiff.  By the following acts or omissions to act, Defendants, and each of them,

11  negligently caused the damage to Plaintiff.

12      8.      Plaintiff is informed and believes and on the basis of said information and belief alleges

13  that Defendants, and each of them, are and at all times herein mentioned were, the agents, joint

   venturers, officers, members, representatives, servants, consultants or employees of their Co-

14  Defendants, and in committing the acts herein alleged, were acting with the scope of such affiliation

15  with the knowledge, permission, consent or subsequent ratification of their Co-Defendants.  The true

16  names and capacities, whether individual, corporate, associate, governmental or otherwise, of

17  Defendants Does 1-50, inclusive, are unknown to Plaintiff at the time of the filing of this Complaint,

18  who therefore sues said Defendants by such fictitious names and will ask leave of Court to amend this

19  Complaint to show their true names and capacities when the same has been ascertained.

20      9.      Plaintiff suffered damages and severe injuries as a result of the negligence, carelessness

21  and breach of their duty to exercise reasonable care to protect Plaintiff and other members of the public

   lawfully on said premises, and to warn Plaintiff, and to prevent the aforesaid foreseeable injuries, of

22  which Defendants, and each of them, knew or should have known, and the failure of the Defendants,

23  and each of them, to take such steps as ordinarily prudent to avoid injury to the public and to this

24  Plaintiff in particular.  By reason of the foregoing, Plaintiff was required, and for an unpredictable

25  period in the future will require, the services of doctors, physicians, surgeons, nurses, hospitals and

1   related professional and other services, including drugs, medicines, x-rays and other therapy. The full

2   and exact amount of liability incurred and to be incurred for such professional services is unknown to

3   Plaintiff at the time of the filing of this Complaint. Plaintiffs will ask leave of the Court to amend to

4   set forth the exact amount when the same has been ascertained, or will prove same at the time of the

5   trial in this matter.

6   10.    As a direct result of the conduct of the Defendants, and each of them, Plaintiff was

required and did lose time from Plaintiff's occupation and Plaintiff is informed and believes and

7   thereon alleges that time will be so lost in the future, all to Plaintiff's damage for loss of earnings and

8   earning capacity in a sum not fully known at this time. Plaintiff will ask for leave to amend to set forth

9   this loss when same is fully learned, or will prove same at time of trial of this matter.

10   11.    As a direct and proximate result of the conduct of the Defendants, and each of them,

11   Plaintiff was severely injured, continues to suffer from his injuries and was required to and did employ

12   physicians to examine, treat and care for Plaintiff, and did incur medical and incidental expenses, the

13   exact amount of which are not know at this time. Plaintiff will ask leave to amend to set forth same

when it is learned, or will prove same at the time of trial in this matter.

14   12.    At all times mentioned herein, Defendant, Prologis NA2 U.S., LLC, a Delaware

15   Corporation was/is doing business in the State of California, and was/is the owner responsible for the

16   management, operation, supervision, control and maintenance of the property, located at 305 Resource

17   Drive, Bloomington, California, where the October 3, 2021 incident took place, which is the subject

18   matter of this lawsuit.

19   13.    At all times mentioned herein, Defendant, Unilever Foods was doing business in the

20   State of California, and was/is the owner responsible for the management, operation, supervision,

21   control and maintenance of the property and equipment used on the property, located at 305 Resource

Drive, California, where the October 3, 2021 incident took place, which is the subject matter of this

22   lawsuit.

23   14.    At all times mentioned herein, Defendant, Crown Equipment Corporation, an Ohio

24   Corporation was/is doing business in the State of California, and was/is the manufacturer responsible

25   for the manufacturing, compounding, packaging, designing, distributing, testing, constructing, failing

to install a guard on the product, fabricating, analyzing, recommending, merchandising, advertising, promoting and selling a product called the Crown Stand-up Reach Forklift used on the property, located at 305 Resource Drive, Bloomington, California, where the October 3, 2021 incident took place, which is the subject matter of this lawsuit.

15.   Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants, and each of them, were the owners, operators, lessors, contractors and/or had a duty to maintain, supervise and properly maintain the property and equipment used on the property, located at 305 Resource Drive, California, where the October 3, 2021 incident took place, which is the subject matter of this lawsuit.

16.   At all times mentioned herein the Defendants, and each of them, were corporations, partnerships, individually owned businesses, individuals doing business, or individuals or some other capacity.  Plaintiff alleges that at all times mentioned herein each of said Defendants were working, doing business in and/or residing in said City, County and State as set forth in the aforementioned paragraphs, herein by virtue of the laws of said State.  Plaintiff will ask leave of Court to amend to set forth the exact business make-up, identity and capacity of each of these said Defendants when the same is learned, or will prove same at the time of trial in this matter.

17.   At all times mentioned herein the Defendants, and each of them, did own, design, use, operate, repair, supervise, maintain, rent, lease, arrange, manage, and otherwise control that certain Defendants' property and equipment as set forth in the aforementioned paragraphs herein, which is the site of the negligence and conduct of the Defendants herein and the incident complained of herein.

18.   That the Defendants, and each of them, knew or should have known that their conduct, would present a risk and hazard and a danger to those persons on said property and using said equipment, as aforesaid, in that Defendants, and each of them knew or should have known that the said condition of their said property and equipment was dangerous and defective, and as aforesaid and as proved at time of trial.  Plaintiff had no way of knowing of the condition of said property and equipment the Defendants, and each of them, failed to act in any way to warn Plaintiff of said dangerous condition in order to prevent the type of incident which occurred from occurring.  That as a

1  direct result of the conduct and prior knowledge on the part of the Defendants, and each of them,

2  Plaintiff was damaged and injured as set forth herein and as proved at the time of trial.

3      19.      That Defendants, and each of them, as a result of their functions as set forth herein and

4  their relationship to said premises and equipment, as set forth herein, were in a position to know of the

5  dangerous, defective and hazardous condition and that the Plaintiff was damaged and injured thereby,

6  that the Defendants, and each of them, are legally responsible for all said damages and injures to

   Plaintiff as set forth herein and as proved at time of trial in this matter.

7      20.      On or about October 3, 2021 Plaintiff, Kenneth Johnson, while in course and scope of

8  his employment as a material handler/stand-up forklift operator with Exel, Inc., was severely and

9  permanently injured while operating a Crown Stand-up Reach Forklift.  While Plaintiff was negotiating

10 the Crown Stand-up Reach Forklift down an aisle in Defendants' warehouse the Crown Stand-up

11 Reach Forklift's fail safe "Deadman's brake" failed causing the forklift to slam into an unpadded steel

12 building support beam.  Plaintiff had initially attempted to slow the Crown forklift in order to safely

   negotiate down the aisle, but the fork lift failed to respond.  As such, Plaintiff lifted his left leg off the

13 deck of the Crown forklift to engage the pressure sensitive "Deadman's brake".  Because of the design

14 of the operator compartment on the Crown Stand-up Reach Forklift, Plaintiff's lower left leg was

15 forcibly exposed to the outside of the Crown Stand-up Reach Forklift when used in its intended manner

16 and/or when the "Deadman's brake" was engaged and failed.  When the Crown Stand-up Reach

17 Forklift's "Deadman's brake" did not respond, the fork lift careened toward the unpadded steel support

18 beam, slammed into the support beam and bounced back causing a fracture and degloving injury to

19 Plaintiff's lower left leg.  Plaintiff attempted to exit the forklift after it came to a stop and collapsed to

20 floor due to the severity of the injury to his left leg.  As Plaintiff lay on the warehouse floor losing a

   massive amount of blood, he lost consciousness as a tourniquet was applied to his left lower leg by a co-

21 worker.  Prior to operating the Crown Stand-up Reach Forklift, Plaintiff had received a Notice of

22 Completion for training on the Crown Stand-up Reach Forklift (RR5000-5700) with the notation,

23 "demonstrates and understands safe operation of MHE. . . "on September 24, 2021.  Plaintiff was not

24 informed of or given any warning regarding the design flaw of operator compartment, nor was Plaintiff

25 warned of the potential for injury because of this design flaw.  Moreover, it is Plaintiffs believe and

understanding that the steel support beams that the Crown Stand-up Reach Forklift crashed into are the only support beams that are not padded in Defendant's warehouse, creating a dangerous and defection condition on the premises.  Defendants, and each of them, negligently and recklessly performed those functions as outlined in the aforementioned paragraphs, including maintaining and operating the premises and equipment in such a dangerous and defective manner.  Said condition was known or should have been known to Defendants and unknown to Plaintiff, causing the Crown Stand-up Reach Forklift, Plaintiff was operating, to malfunction and slam into an unpadded steel support beam, located on said premises.  Plaintiff contends that said Defendants' property and equipment were dangerous and defective and a danger and a hazard to those persons using same.  Plaintiff further contends that as a direct result of all of the foregoing Plaintiff was damaged and injured as set forth herein as will be proved at the time of trial of this matter.  Said negligence and resulting injuries and damages are a direct result of the conduct of the Defendants, and each of them.  Plaintiff is not aware at this time of the true nature and extent of said damages and injuries and will ask leave of court to amend to set forth the same when it is fully ascertained or will prove such at the time of trial.

21.   As a direct result of the conduct of the Defendants, and each of them, Plaintiff has been hurt and injured in Plaintiff's health, strength and activity, sustaining injury to Plaintiff's body and shock and injury to Plaintiff's nervous system and person all of which said injuries have caused and continue to cause Plaintiff great mental, physical and emotional strain, pain and suffering.  Plaintiff is informed and believes and thereon alleges that Plaintiff will thereby be permanently disabled all to Plaintiff's General Damage in a sum to be proved at the time of trial of this matter.

**I.**

### **FIRST CAUSE OF ACTION FOR NEGLIGENCE**

**(As Against Defendants, Prologis NA2 U.S., LLC; Unilever Foods; and Does 1 through 50)**

22.   Plaintiff repeats and realleges paragraphs 1 through 21, inclusive as though fully set forth herein, in incorporates them herein by this reference.

23.   That at all times mentioned herein, Defendants, Prologis NA2 U.S., LLC; Unilever Foods; and Does 1 through 50, had a duty to properly supervise, train, manage, control and maintain their property and/or employees maintaining said property and equipment used on the property at the

**COMPLAINT FOR DAMAGES**

time of the incident.  Plaintiff alleges that Defendants, Prologis NA2 U.S., LLC; Unilever Foods; and Does 1 through 50, were negligent in that they failed to supervise, train, manage, control and maintain their property and/or employees maintaining said property and equipment used on the property at the time of the incident.

24.     On or about October 3, 2021 Plaintiff, Kenneth Johnson, while in course and scope of his employment, was severely and permanently injured when the "Deadman's brake" on the Crown Stand-up Reach Forklift, he was operating, failed and slammed into an unpadded steel support beam, the only unpadded support beam in Defendants' warehouse.

25.     Defendants, Prologis NA2 U.S., LLC; Unilever Foods; and Does 1 through 50, and each of them, breached their duty to Plaintiff by failing to supervise, train, manage, control and maintain their property and/or employees maintaining said property and equipment used on the property at the time of the incident.  Plaintiff alleges that Defendants, Prologis NA2 U.S., LLC; Unilever Foods; and Does 1 through 50, breached their duty to Plaintiff by failing to properly maintain the property, in that the unpadded steel support beam was a dangerous and defective condition. Defendants, Prologis NA2 U.S., LLC; Unilever Foods; and Does 1 through 50, additionally breached their duty to Plaintiff by failing to properly maintain the Crown Stand-up Reach Forklift in a safe manner.

26.     As a direct result of the conduct of the Defendants, and each of them, Plaintiff has been hurt and injured in Plaintiff's health, strength and activity, sustaining injury to Plaintiff's body and shock and injury to Plaintiff's nervous system and person all of which said injuries have caused and continue to cause Plaintiff great mental, physical and emotional strain, pain and suffering.  Plaintiff is informed and believes and thereon alleges that Plaintiff will thereby be permanently disabled all to Plaintiffs' General Damage in a sum to be proved at the time of trial of this matter.

## II.

## FOURTH CAUSE OF ACTION

## FOR NEGLIGNECE PER SE

**(As Against Defendants, Prologis NA2 U.S., LLC; Unilever Foods; and Does 1 through 50)**

27.     Plaintiff Kenneth Johnson refers to paragraphs 1 through 41 of the general allegations

8

and reincorporates said paragraphs as though fully set forth herein.

28.     Defendants, Prologis NA2 U.S., LLC; Unilever Foods; and Does 1 through 50, and each of them violated California Occupational Safety and Health Administration, Standard 1910.178(p)(1), which states that *"If at any time a powered industrial truck is found to be in need of repair, defective, or in any way unsafe, the truck shall be taken out of service until it has been restored to safe operating condition."*

29.     On or about October 3, 2021 Plaintiff, Kenneth Johnson, while in course and scope of his employment as a material handler/stand-up forklift operator with Exel, Inc., was severely and permanently injured while operating a Crown Stand-up Reach Forklift.  While Plaintiff was negotiating the Crown Stand-up Reach Forklift down an aisle in Defendants' warehouse the Crown Stand-up Reach Forklift's fail safe "Deadman's brake" failed causing the forklift to slam into an unpadded steel building support beam.  Plaintiff had initially attempted to slow the Crown forklift in order to safely negotiate down the aisle, but the fork lift failed to respond.  As such, Plaintiff lifted his left leg off the deck of the Crown Stand-up Reach Forklift to engage the pressure sensitive "Deadman's brake".  Because of the failure of the Crown Stand-up Reach Forklift's "Deadman's brake" the forklift careened toward the unpadded steel support beam, slammed into the support beam and bounced back causing a fracture and degloving injury to Plaintiff's lower left leg.  Plaintiff attempted to exit the forklift after it came to a stop and collapsed to floor due to the severity of the injury to his left leg.  As Plaintiff lay on the warehouse floor losing a massive amount of blood, he lost consciousness as a tourniquet was applied to his left lower leg by a co-worker.  Prior to operating the Crown Stand-up Reach Forklift, Plaintiff had received a Notice of Completion for training on the Crown Stand-up Reach Forklift (RR5000-5700) with the notation, "demonstrates and understands safe operation of MHE. . . "on September 24, 2021.  Plaintiff was not informed of or given any warning regarding any maintenance or repair issues with the Crown Stand-up Reach Forklift.  Defendants, and each of them, negligently and recklessly performed those functions as outlined in the aforementioned paragraphs, including maintaining the Crown Stand-up Reach Forklift in such a dangerous and defective manner.  Said condition was known or should have been known to Defendants and unknown to Plaintiff, causing the Crown Stand-up Reach Forklift, Plaintiff was operating, to malfunction and slam into an unpadded steel support beam,

located on said premises.  Plaintiff contends that said Defendants' equipment was dangerous and defective and a hazard to those persons using same in its intended manner.  Plaintiff further contends that as a direct result of all of the foregoing Plaintiff was damaged and injured as set forth herein as will be proved at the time of trial of this matter.  Said negligence and resulting injuries and damages are a direct result of the conduct of the Defendants, and each of them.  Plaintiff is not aware at this time of the true nature and extent of said damages and injuries and will ask leave of court to amend to set forth the same when it is fully ascertained or will prove such at the time of trial.  Plaintiff's General Damages are in a sum to be proved at the time of trial.

### III.

### SECOND CAUSE OF ACTION FOR PREMISES LIABILITY

**(As Against Defendants, Prologis NA2 U.S., LLC; Unilever Foods; and Does 1 through 50)**

30.     Plaintiff repeats and realleges paragraphs 1 through 29, inclusive as though fully set forth herein, in incorporates them herein by this reference.

31.     That at all times mentioned herein, Defendants, Prologis NA2 U.S., LLC; Unilever Foods; and Does 1 through 50, had a duty to exercise reasonable care to protect Plaintiff and other members of the public lawfully on said premises, and to warn Plaintiff, and to prevent the aforesaid foreseeable injuries, of which Defendants knew or should have known, and the failure of the Defendants to take such steps as ordinarily prudent to avoid injury to the public, and to this Plaintiff in particular.  Plaintiff alleges that Defendants, Prologis NA2 U.S., LLC; Unilever Foods; and Does 1 through 50, failed to exercise reasonable care to protect Plaintiff and other members of the public lawfully on said premises, and to warn Plaintiff and to prevent the aforesaid foreseeable injuries, of which Defendants knew or should have known, and the failure of the Defendants to take such steps as ordinarily prudent to avoid injury to members of the public on the premises with permission, and to this Plaintiff in particular.

32.     On or about October 3, 2021 Plaintiff, Kenneth Johnson, while in course and scope of his employment, was severely and permanently injured when the "Deadman's brake" on the Crown Stand-up Reach Forklift, he was operating, failed and slammed into an unpadded steel support beam, the only unpadded support beam in Defendants' warehouse.

33.     Defendants, Prologis NA2 U.S., LLC; Unilever Foods; and Does 1 through 50, and each of them, breached their duty to Plaintiff by failing to exercise reasonable care to protect Plaintiff and other members of the public lawfully on said premises, and to warn Plaintiff and to prevent the aforesaid foreseeable injuries, of which Defendants knew or should have known, and the failure of the Defendants to take such steps as ordinarily prudent to avoid injury to the public, and to this Plaintiff in particular; and each of them, breached their duty to Plaintiff by failing to exercise reasonable care to protect Plaintiff and other member of the public lawfully on said premises, and to warn Plaintiff and to prevent the aforesaid foreseeable injuries, of which Defendants knew or should have known, and the failure of the Defendants to take such steps as ordinarily prudent to avoid injury to the public, and to this Plaintiff in particular.

34.     As a direct result of the conduct of the Defendants, and each of them, Plaintiff has been hurt and injured in Plaintiff's health, strength and activity, sustaining injury to Plaintiff's body and shock and injury to Plaintiff's nervous system and person all of which said injuries have caused and continue to cause Plaintiff great mental, physical and emotional strain, pain and suffering.  Plaintiff is informed and believes and thereon alleges that Plaintiff will thereby be permanently disabled all to Plaintiff's General Damage in a sum to be proved at the time of trial of this matter.

**IV.**

## THIRD CAUSE OF ACTION FOR NEGLIGENCE

**Negligence Against Defendants, Crown Equipment Corporation; and Does 1 through 50)**

35.     Plaintiff incorporates by this reference each and every fact alleged in paragraphs 1 through 34, as though fully set forth herein.

36.     Defendants, Crown Equipment Corporation; and Does 1 through 50, and each of them, designed, manufactured, assembled, tested, advertised, marketed, distributed and sold the Crown Stand-up Reach Forklift, which Plaintiff Kenneth Johnson was operating at the time of the subject incident.

37.     On or about October 3, 2021 Plaintiff, Kenneth Johnson, while in course and scope of his employment as a material handler/stand-up forklift operator with Exel, Inc., was severely and permanently injured while operating a Crown Stand-up Reach Forklift.  While Plaintiff was negotiating

11
**COMPLAINT FOR DAMAGES**

the Crown Stand-up Reach Forklift down an aisle in Defendants' warehouse the Crown Stand-up Reach Forklift's fail safe "Deadman's brake" failed causing the forklift to slam into an unpadded steel building support beam. Plaintiff had initially attempted to slow the Crown forklift in order to safely negotiate down the aisle, but the fork lift failed to respond. As such, Plaintiff lifted his left leg off the deck of the Crown forklift to engage the pressure sensitive "Deadman's brake". Because of the design of the operator compartment on the Crown Stand-up Reach Forklift, Plaintiff's lower left leg was exposed to the outside of the forklift and was unprotected. When the Crown Stand-up Reach Forklift's "Deadman's brake" did not respond, the fork lift careened toward the unpadded steel support beam, slammed into the support beam and bounced back causing a fracture and degloving injury to Plaintiff's lower left leg. Plaintiff attempted to exit the forklift after it came to a stop and collapsed to floor due to the severity of the injury to his left leg. As Plaintiff lay on the warehouse floor losing a massive amount of blood, he lost consciousness as a tourniquet was applied to his left lower leg by a co-worker. Prior to operating the Crown Stand-up Reach Forklift, Plaintiff had received a Notice of Completion for training on the Crown Stand-up Reach Forklift (RR5000-5700) with the notation, "demonstrates and understands safe operation of MHE. . . "on September 24, 2021. Plaintiff was not informed of or given any warning regarding the design flaw of operator compartment, nor was Plaintiff warned of the potential for injury because of this design flaw. Defendants, and each of them, negligently and recklessly performed those functions as outlined in the aforementioned paragraphs, including designing, manufacturing, assembling, testing, advertising, marketing, distributing and selling the Crown Stand-up Reach Forklift with the aforesaid design flaw, which Plaintiff contends is dangerous and defective. Said condition was known or should have been known to Defendants and unknown to Plaintiff, causing the Crown Stand-up Reach Forklift, Plaintiff was operating, to malfunction and slam into an unpadded steel support beam, located on said premises. Plaintiff contends that said Defendants' stand-up reach forklift was/is dangerous and defective and a hazard to those persons using same. Plaintiff further contends that as a direct result of all of the foregoing Plaintiff was damaged and injured as set forth herein as will be proved at the time of trial of this matter. Said negligence and resulting injuries and damages are a direct result of the conduct of the Defendants, and each of them. Plaintiff is not aware at this time of the true nature and extent of said damages and injuries and will ask

leave of court to amend to set forth the same when it is fully ascertained or will prove such at the time of trial.

38.    At all times herein mentioned, Defendants Crown Equipment Corporation; and Does 1 through 50, and each of them, had a duty to properly design, design, manufacture, assemble, test, advertise, market, distribute and sell the Crown Stand-up Reach Forklift and its component parts.

39.    Defendants, Crown Equipment Corporation; and Does 1 through 50, and each of them, knew that said Crown Stand-up Reach Forklift's operator compartment would be used by a class of persons, including Plaintiff Kenneth Johnson herein, for the purpose of picking and moving pallets of materials and maneuvering in and about a warehouse setting.    Moreover, Defendants, Crown Equipment Corporation; and Does 1 through 50 knew that the design of the operator compartment of the Crown Stand-up Reach Forklift was defective and dangerous and a hazard to those persons using same and required to engage the "Deadman's brake".

40.    At the time of the subject accident, Plaintiff Kenneth Johnson was operating the Crown Stand-up Reach Forklift in a foreseeable and intended manner. *(Reach Trucks are forklifts used in narrow aisle applications, such as warehouses. They are designed to have two outer legs that help distribute the load and a single set of wheels in the back. The wheels are located below the operator, which helps create a tighter turn radius.)*

41.    Defendants, Crown Equipment Corporation; and Does 1 through 50, and each of them, knew, or in the exercise of due care, should have known, of the risk associated with the absence of a door or safety barrier at the operator's compartment to protect the operator from exposure to serious lower leg injuries.    When Plaintiff attempted to engage the Crown Stand-up Reach Forklift's "Deadman's brake", his lower left leg was forcibly exposed to the outside of the Crown Stand-up Reach Forklift when used in its intended manner and/or when the "Deadman's brake" was engaged and failed, thereby causing serious and permanent injury.

42.    Defendants, Crown Equipment Corporation; and Does 1 through 50, and each of them, so negligently and carelessly designed, manufactured, assembled, tested, advertised, marketed, distributed, sold and failed to warn that said Crown Stand-up Reach Forklift was a defectively designed and/or manufactured dangerous product and unsafe for its reasonably foreseeable uses and intended

1 | purposes, and said Defendants, and each of them, failed to use reasonable care so as to avoid or prevent

2 | serious and permanent injury to Plaintiff Kenneth Johnson.

3 | 43.    As a legal result of the negligence of Defendants, Crown Equipment Corporation; and

4 | Does 1 through 50, Plaintiff Kenneth Johnson sustained serious and permanent injuries and damages as

5 | herein above alleged.

6 | 44.    As a direct result of the conduct of the Defendants, and each of them, Plaintiff has been

hurt and injured in Plaintiff's health, strength and activity, sustaining injury to Plaintiff's body and

7 | shock and injury to Plaintiff's nervous system and person all of which said injuries have caused and

8 | continue to cause Plaintiff great mental, physical and emotional strain, pain and suffering.  Plaintiff is

9 | informed and believes and thereon alleges that Plaintiff will thereby be permanently disabled all to

10 | Plaintiff's General Damage in a sum to be proved at the time of trial of this matter.

**V.**

**THIRD CAUSE OF ACTION FOR STRICT PRODUCT LIABILITY**

**(As Against Defendants, Crown Equipment Corporation; and Does 1 through 50)**

45.    Plaintiff incorporates by this reference each and every fact alleged in paragraphs 1

through 44, as though fully set forth herein.

46.    Defendants, Crown Equipment Corporation; and Does 1 through 50, inclusive, and

each of them, designed, manufactured, assembled, tested, advertised, marketed, distributed and sold the

Crown Stand-up Reach Forklift, which Plaintiff Kenneth Johnson was using at the time of the subject

incident.

47.    On or about October 3, 2021 Plaintiff, Kenneth Johnson, while in course and scope of

his employment as a material handler/stand-up forklift operator with Exel, Inc., was severely and

permanently injured while operating a Crown Stand-up Reach Forklift.  While Plaintiff was negotiating

the Crown Stand-up Reach Forklift down an aisle in Defendants' warehouse the Crown Stand-up

Reach Forklift's fail safe "Deadman's brake" failed causing the forklift to slam into an unpadded steel

building support beam.  Plaintiff had initially attempted to slow the Crown forklift in order to safely

negotiate down the aisle, but the fork lift failed to respond.  As such, Plaintiff lifted his left leg off the

deck of the Crown forklift to engage the pressure sensitive "Deadman's brake".  Because of the design

of the operator compartment on the Crown Stand-up Reach Forklift, Plaintiff's lower left leg was forcibly exposed to the outside of the Crown Stand-up Reach Forklift when used in its intended manner and/or when the "Deadman's brake" was engaged and failed.   When the Crown Stand-up Reach Forklift's "Deadman's brake" did not respond, the fork lift careened toward the unpadded steel support beam, slammed into the support beam and bounced back causing a fracture and degloving injury to Plaintiff's lower left leg.  Plaintiff attempted to exit the forklift after it came to a stop and collapsed to floor due to the severity of the injury to his left leg.  As Plaintiff lay on the warehouse floor losing a massive amount of blood, he lost consciousness as a tourniquet was applied to his left lower leg by a co-worker.  Prior to operating the Crown Stand-up Reach Forklift, Plaintiff had received a Notice of Completion for training on the Crown Stand-up Reach Forklift (RR5000-5700) with the notation, "demonstrates and understands safe operation of MHE. . . "on September 24, 2021.  Plaintiff was not informed of or given any warning regarding the design flaw of operator compartment, nor was Plaintiff warned of the potential for injury because of this design flaw.  Defendants, and each of them, negligently and recklessly performed those functions as outlined in the aforementioned paragraphs, including designing, manufacturing, assembling, testing, advertising, marketing, distributing and selling the Crown Stand-up Reach Forklift with the aforesaid design flaw, which Plaintiff contends is dangerous and defective.  Said condition was known or should have been known to Defendants and unknown to Plaintiff, causing the Crown Stand-up Reach Forklift, Plaintiff was operating, to malfunction and slam into an unpadded steel support beam, located on said premises.  Plaintiff contends that said Defendants' stand-up reach forklift was/is dangerous and defective and a hazard to those persons using same.  Plaintiff further contends that as a direct result of all of the foregoing Plaintiff was damaged and injured as set forth herein as will be proved at the time of trial of this matter. Said negligence and resulting injuries and damages are a direct result of the conduct of the Defendants, and each of them.  Plaintiff is not aware at this time of the true nature and extent of said damages and injuries and will ask leave of court to amend to set forth the same when it is fully ascertained or will prove such at the time of trial.

48.   Defendants, Crown Equipment Corporation; and Does 1 through 50, and each of them, knew that when they manufactured, compounded, packaged, designed, distributed, tested, constructed,

removed or failed to install, fabricated, analyzed, recommended, merchandised, advertised, promoted and sold a product called Crown Stand-up Reach Forklift that said Crown Stand-up Reach Forklift would be used by a class of persons, including Plaintiff Kenneth Johnson herein to use the Crown Stand-up Reach Forklift in a foreseeable and intended manner in the State of California.

49.     At all times herein mentioned, Plaintiff Kenneth Johnson was using the Crown Stand-up Reach Forklift in a manner for which it was intended by Defendants, Crown Equipment Corporation; and DOES 1 through 50, and each of them, to use the said forklift in its intended manner. *(Reach Trucks are forklifts used in narrow aisle applications, such as warehouses. They are designed to have two outer legs that help distribute the load and a single set of wheels in the back. The wheels are located below the operator, which helps create a tighter turn radius)* in the State of California.

50.     Defendants, Crown Equipment Corporation; and DOES 1 through 50, and each of them, knew, or should have known, that said Defendants were exposing Plaintiff Kenneth Johnson to a foreseeable risk of severe injury while using the Crown Stand-up Reach Forklift because of its defective design and/or manufacture as hereinafter alleged.

51.     The Crown Stand-up Reach Forklift was unsafe for its intended use by reason of defects in its design and/or manufacture, in that it failed to perform as safely as an ordinary consumer would expect and that said defective design and/or manufacture was the legal cause of the severe and permanent injury sustained by Plaintiff Kenneth Johnson.

52.     The risk of utilizing the Crown Stand-up Reach Forklift as a result of its defects and design, and/or manufacture, far outweigh the benefits of said design and/or manufacture, thereby rendering the product defective.

53.     The Crown Stand-up Reach Forklift was defective in its design and/or manufacture for reasons, including, but not limited to the absence of a door or safety barrier at the operator's compartment, which resulted in Plaintiff's serious and permanent injury.  As a result of this failure in design and/or manufacture, Plaintiff Kenneth Johnson's lower left leg was forcibly exposed to the outside of the Crown Stand-up Reach Forklift when used in its intended manner and/or when the "Deadman's brake" was engaged and failed.  Plaintiff sustained serious and permanent injuries to his lower left leg, ultimately causing a fracture and degloving injury of his lower left leg.

54.   Defendants, and each of them, manufactured, compounded, packaged, designed, distributed, tested, constructed, fabricated, analyzed, recommended, merchandised, advertised, promoted and sold a product called Crown Stand-up Reach Forklift and its component parts, ingredients, and constituents, which was intended by Defendants, and each of them, to be use by members of the general public for the purpose of and this Plaintiff specifically, for its intended and foreseeable purpose.

55.   Defendants, and each of them, knew that said product was to be used without inspection for design and manufacturing defects by Plaintiff Kenneth Johnson.

56.   Said product was unsafe and unfit for its intended use by reason of defects in its design and/or manufacture, components and contents in that the Crown Stand-up Reach Forklift did not have a door at the operator's compartment, with the result that the operator's compartment on the Crown Stand-up Reach Forklift would fail to protect the operators, resulting in serious injuries and/or death to the operator or user.

57.   On or about October 3, 2021, Plaintiff Kenneth Johnson was using the Crown Stand-up Reach Forklift in a manner for which it was reasonably intended to be used, and as a proximate result of the defect previously described, resulting in the lower left leg of Plaintiff Kenneth Johnson being forcibly exposed to the outside of the Crown Stand-up Reach Forklift when attempting to engage the "Deadman's brake", while he was an operator of the Crown Stand-up Reach Forklift, thereby causing Plaintiff Kenneth Johnson severe, grievous and serious injuries as hereinbefore described.

58.   At all times mentioned, it was foreseeable to Defendants, Crown Equipment Corporation; and DOES 1 through 50, and each of them, that the Crown Stand-up Reach Forklift would require a person, such as Plaintiff Kenneth Johnson, to operate/maneuver said forklift up and down aisles in and about said warehouse.

59.   Defendants, Crown Equipment Corporation; and DOES 1 through 50, and each of them, are strictly liable to Plaintiff for injuries caused by the defects and inadequacies in the design and/or manufacture of the Crown Stand-up Reach Forklift.

60.   The Defendants' acts and omissions and the defective design and/or manufacture of the Crown Stand-up Reach Forklift were the legal cause of Plaintiff Kenneith Johnson's injuries.

61.     As a direct and legal result of the negligence and intentional tortious conduct of the Defendants, and each of them, Plaintiff Kenneth Johnson, was hurt and injured to Plaintiff's health, strength, and activity, sustaining injury to Plaintiff's body and shock and injury to Plaintiff's nervous system and person, all of which said injuries have caused and continue to cause the Plaintiff great mental, physical and nervous strain, pain and suffering. Plaintiff's General Damages are in a sum to be proved at the time of trial.

## VI.

## FOUTH CAUSE OF ACTION FOR FAILURE TO WARN

### (As Against Defendants, Crown Equipment Corporation; and DOES 1 through 50)

62.     Plaintiff incorporates by this reference each and every fact alleged in paragraphs 1 through 61, as though fully set forth herein.

63.     The Defendants, Crown Equipment Corporation; and Does 1 through 50, knew or had reason to know, that the said Crown Stand-up Reach Forklift referred to herein was dangerous or likely to be dangerous for the use for which it was designed and intended, and therefore, said Defendants had a duty to use reasonable care to give adequate warnings to the public, including Plaintiff Kenneth Johnson, of the dangerous condition of the product or of facts which make it likely to be dangerous, to wit, the absence of a door or safety barrier at the operator's compartment of said Crown Stand-up Reach Forklift and its propensity to operate despite the absence of a door or safety barrier at the operator's compartment, posing a serious risk of injury to an operator at the point of the operator's compartment

64.     On or about October 3, 2021 Plaintiff, Kenneth Johnson, while in course and scope of his employment as a material handler/stand-up forklift operator with Exel, Inc., was severely and permanently injured while operating a Crown Stand-up Reach Forklift. While Plaintiff was negotiating the Crown Stand-up Reach Forklift down an aisle in Defendants' warehouse the Crown Stand-up Reach Forklift's fail safe "Deadman's brake" failed causing the forklift to slam into an unpadded steel building support beam. Plaintiff had initially attempted to slow the Crown forklift in order to safely negotiate down the aisle, but the fork lift failed to respond. As such, Plaintiff lifted his left leg off the deck of the Crown forklift to engage the pressure sensitive "Deadman's brake". Because of the design

of the operator compartment on the Crown Stand-up Reach Forklift, Plaintiff's lower left leg was forcibly exposed to the outside of the Crown Stand-up Reach Forklift when used in its intended manner and/or when the "Deadman's brake" was engaged and failed.   When the Crown Stand-up Reach Forklift's "Deadman's brake" did not respond, the fork lift careened toward the unpadded steel support beam, slammed into the support beam and bounced back causing a fracture and degloving injury to Plaintiff's lower left leg.  Plaintiff attempted to exit the forklift after it came to a stop and collapsed to floor due to the severity of the injury to his left leg.  As Plaintiff lay on the warehouse floor losing a massive amount of blood, he lost consciousness as a tourniquet was applied to his left lower leg by a co-worker.   Prior to operating the Crown Stand-up Reach Forklift, Plaintiff had received a Notice of Completion for training on the Crown Stand-up Reach Forklift (RR5000-5700) with the notation, "demonstrates and understands safe operation of MHE. . . "on September 24, 2021.  Plaintiff was not informed of or given any warning regarding the design flaw of operator compartment, nor was Plaintiff warned of the potential for injury because of this design flaw.   Defendants, and each of them, negligently and recklessly performed those functions as outlined in the aforementioned paragraphs, including designing, manufacturing, assembling, testing, advertising, marketing, distributing and selling the Crown Stand-up Reach Forklift with the aforesaid design flaw, which Plaintiff contends is dangerous and defective.   Said condition was known or should have been known to Defendants and unknown to Plaintiff, causing the Crown Stand-up Reach Forklift, Plaintiff was operating, to malfunction and slam into an unpadded steel support beam, located on said premises.   Plaintiff contends that said Defendants' stand-up reach forklift was/is dangerous and defective and a hazard to those persons using same.  Plaintiff further contends that as a direct result of all of the foregoing Plaintiff was damaged and injured as set forth herein as will be proved at the time of trial of this matter.  Said negligence and resulting injuries and damages are a direct result of the conduct of the Defendants, and each of them.  Plaintiff is not aware at this time of the true nature and extent of said damages and injuries and will ask leave of court to amend to set forth the same when it is fully ascertained or will prove such at the time of trial.

65.     None of the Defendants herein, adequately warned the Plaintiff regarding the defective design of the Crown Stand-up Reach Forklift, to wit, the absence of a door or safety barrier at the

operator's compartment of said Crown Stand-up Reach Forklift and its propensity to expose the operator's lower leg to serious and permanent injuries when [attempting to] engaging the "Deadman's brake".

66.     As a proximate result of the failure of the Defendants to warn Plaintiff of the dangers of Crown Stand-up Reach Forklift while being used in a foreseeable manner, the said Plaintiff was unaware of how, or that it was necessary, to protect himself and was therefore injured by the absence of a door or safety barrier at the operator's compartment when said forklift was used in its intended manner and/or the "Deadman's brake was engaged.  Plaintiff suffered severe and permanent injuries and damages as fully set forth above.

67.     Defendants, and each of them, knew that said Crown Stand-up Reach Forklift, although used for the purpose for which Defendants, and each of them, foreseeably intended it to be used, would cause serious injury in the absence of a door or safety barrier at the operator's compartment when said forklift was used in its intended manner and/or the "Deadman's brake was engaged, including the kind of injuries that occurred at the time Plaintiff was severely and permanently injured.

68.     As a direct and legal result of the negligence and intentional tortious conduct of the Defendants, and each of them, Plaintiff Kenneth Johnson, was hurt and injured to Plaintiff's health, strength, and activity, sustaining injury to Plaintiff's body and shock and injury to Plaintiff's nervous system and person, all of which said injuries have caused and continue to cause the Plaintiff great mental, physical and nervous strain, pain and suffering.  Plaintiff's General Damages are in a sum to be proved at the time of trial.

## VII.

### FIFTH CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY

### (As Against Defendants, Crown Equipment Corporation; and DOES 1 through 50)

69.     Plaintiff incorporates by this reference each and every fact alleged in paragraphs 1 through 68, as though fully set forth herein.

70.     Prior to and at the said time the Defendants, and each of them, sold said product and prior to the time that Plaintiff used the said product for the herein above-described purpose, Defendants and each of them impliedly warranted to Plaintiff that said product was of merchantable quality and

1   safe for the use for which it was intended by the Defendants, namely that said product was effective,

2   proper and safe for its intended use.

3       71.    On or about October 3, 2021 Plaintiff, Kenneth Johnson, while in course and scope of

4   his employment as a material handler/stand-up forklift operator with Exel, Inc., was severely and

5   permanently injured while operating a Crown Stand-up Reach Forklift.  While Plaintiff was negotiating

6   the Crown Stand-up Reach Forklift down an aisle in Defendants' warehouse the Crown Stand-up

    Reach Forklift's fail safe "Deadman's brake" failed causing the forklift to slam into an unpadded steel

7   building support beam.  Plaintiff had initially attempted to slow the Crown forklift in order to safely

8   negotiate down the aisle, but the fork lift failed to respond.  As such, Plaintiff lifted his left leg off the

9   deck of the Crown forklift to engage the pressure sensitive "Deadman's brake".  Because of the design

10  of the operator compartment on the Crown Stand-up Reach Forklift, Plaintiff's lower left leg was

11  forcibly exposed to the outside of the Crown Stand-up Reach Forklift when used in its intended manner

    and/or when the "Deadman's brake" was engaged and failed.  When the Crown Stand-up Reach

12  Forklift's "Deadman's brake" did not respond, the fork lift careened toward the unpadded steel support

13  beam, slammed into the support beam and bounced back causing a fracture and degloving injury to

14  Plaintiff's lower left leg.  Plaintiff attempted to exit the forklift after it came to a stop and collapsed to

15  floor due to the severity of the injury to his left leg.  As Plaintiff lay on the warehouse floor losing a

16  massive amount of blood, he lost consciousness as a tourniquet was applied to his left lower leg by a co-

17  worker.  Prior to operating the Crown Stand-up Reach Forklift, Plaintiff had received a Notice of

18  Completion for training on the Crown Stand-up Reach Forklift (RR5000-5700) with the notation,

19  "demonstrates and understands safe operation of MHE. . . "on September 24, 2021.  Plaintiff was not

    informed of or given any warning regarding the design flaw of operator compartment, nor was Plaintiff

20  warned of the potential for injury because of this design flaw.  Defendants, and each of them,

21  negligently and recklessly performed those functions as outlined in the aforementioned paragraphs,

22  including designing, manufacturing, assembling, testing, advertising, marketing, distributing and

23  selling the Crown Stand-up Reach Forklift with the aforesaid design flaw, which Plaintiff contends is

24  dangerous and defective.  Said condition was known or should have been known to Defendants and

25  unknown to Plaintiff, causing the Crown Stand-up Reach Forklift, Plaintiff was operating, to

malfunction and slam into an unpadded steel support beam, located on said premises. Plaintiff contends that said Defendants' stand-up reach forklift was/is dangerous and defective and a hazard to those persons using same. Plaintiff further contends that as a direct result of all of the foregoing Plaintiff was damaged and injured as set forth herein as will be proved at the time of trial of this matter. Said negligence and resulting injuries and damages are a direct result of the conduct of the Defendants, and each of them. Plaintiff is not aware at this time of the true nature and extent of said damages and injuries and will ask leave of court to amend to set forth the same when it is fully ascertained or will prove such at the time of trial.

72.   Plaintiff relied on the skill and judgment of the Defendants, and each of them, in selecting and using the said product and on the date at the time previously mentioned, was using the product in a foreseeably intended manner.

73.   Said product was not safe for its intended use, or of merchantable quality for its intended use, or of merchantable quality as warranted by Defendants, in that the product had not been adequately safeguarded against the danger of injury to the extremities of the user due to the absence or removal of the guard at the point of operation, and Defendants and each of them thereby breached said warranty. Said product malfunctioned due to a failure in its design, manufacture, and construction, and failed to adequately protect Plaintiff who was an intended user of the product, thereby causing Plaintiff severe, grievous and serious injuries as herein before described.

74.   On or about October 3, 2021, Plaintiff discovered that said implied warranty representations of Defendants and each of them were false and thereafter gave notice to Defendants and each of them of the breach of said implied warranty.

75.   As a direct and legal result of the negligence and intentional tortious conduct of the Defendants, and each of them, Plaintiff Kenneth Johnson, was hurt and injured to Plaintiff's health, strength, and activity, sustaining injury to Plaintiff's body and shock and injury to Plaintiff's nervous system and person, all of which said injuries have caused and continue to cause the Plaintiff great mental, physical and nervous strain, pain and suffering. Plaintiff's General Damages are in a sum to be proved at the time of trial.

## VIII.

## SIXTH CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY

### (As Against Defendants, Dake Corporation; and DOES 1 through 50)

76.     Plaintiff incorporates by this reference each and every fact alleged in paragraphs 1 through 77, as though fully set forth herein.

77.     At all times herein mentioned on and prior to October 3, 2021, Defendants, and each of them, utilized advertising media to urge the use and application of said product and expressly warranted to Plaintiff and other members of the general public that said product was effective, proper and safe for its intended use.

78.     On or about October 3, 2021 Plaintiff, Kenneth Johnson, while in course and scope of his employment as a material handler/stand-up forklift operator with Exel, Inc., was severely and permanently injured while operating a Crown Stand-up Reach Forklift.  While Plaintiff was negotiating the Crown Stand-up Reach Forklift down an aisle in Defendants' warehouse the Crown Stand-up Reach Forklift's fail safe "Deadman's brake" failed causing the forklift to slam into an unpadded steel building support beam.  Plaintiff had initially attempted to slow the Crown forklift in order to safely negotiate down the aisle, but the fork lift failed to respond.  As such, Plaintiff lifted his left leg off the deck of the Crown forklift to engage the pressure sensitive "Deadman's brake".  Because of the design of the operator compartment on the Crown Stand-up Reach Forklift, Plaintiff's lower left leg was forcibly exposed to the outside of the Crown Stand-up Reach Forklift when used in its intended manner and/or when the "Deadman's brake" was engaged and failed.  When the Crown Stand-up Reach Forklift's "Deadman's brake" did not respond, the fork lift careened toward the unpadded steel support beam, slammed into the support beam and bounced back causing a fracture and degloving injury to Plaintiff's lower left leg.  Plaintiff attempted to exit the forklift after it came to a stop and collapsed to floor due to the severity of the injury to his left leg. As Plaintiff lay on the warehouse floor losing a massive amount of blood, he lost consciousness as a tourniquet was applied to his left lower leg by a co-worker.  Prior to operating the Crown Stand-up Reach Forklift, Plaintiff had received a Notice of Completion for training on the Crown Stand-up Reach Forklift (RR5000-5700) with the notation, "demonstrates and understands safe operation of MHE. . . "on September 24, 2021.  Plaintiff was not informed of or given any warning regarding the design flaw of operator compartment, nor was Plaintiff

warned of the potential for injury because of this design flaw. Defendants, and each of them, negligently and recklessly performed those functions as outlined in the aforementioned paragraphs, including designing, manufacturing, assembling, testing, advertising, marketing, distributing and selling the Crown Stand-up Reach Forklift with the aforesaid design flaw, which Plaintiff contends is dangerous and defective. Said condition was known or should have been known to Defendants and unknown to Plaintiff, causing the Crown Stand-up Reach Forklift, Plaintiff was operating, to malfunction and slam into an unpadded steel support beam, located on said premises. Plaintiff contends that said Defendants' stand-up reach forklift was/is dangerous and defective and a hazard to those persons using same. Plaintiff further contends that as a direct result of all of the foregoing Plaintiff was damaged and injured as set forth herein as will be proved at the time of trial of this matter. Said negligence and resulting injuries and damages are a direct result of the conduct of the Defendants, and each of them. Plaintiff is not aware at this time of the true nature and extent of said damages and injuries and will ask leave of court to amend to set forth the same when it is fully ascertained or will prove such at the time of trial.

79. Plaintiff relied on the said express warranty representations of the Defendants, and each of them, in the use of the said product. Said express warranty representations were false in that the product had not been adequately safeguarded against the danger of injury at the point of operation due to the absence of a door or safety barrier at the operator's compartment and Defendants and each of them thereby breached said warranty. Said product malfunctioned and injured Plaintiff Kenneth Johnson when his lower left leg was forcibly exposed to the outside of the Crown Stand-up Reach Forklift when used in its intended manner and/or when the "Deadman's brake" was engaged and failed, thereby causing Plaintiff severe grievous and serious injuries as herein before described.

As a direct and legal result of the negligence and intentional tortious conduct of the Defendants, and each of them, Plaintiff Kenneth Johnson, was hurt and injured to Plaintiff's health, strength, and activity, sustaining injury to Plaintiff's body and shock and injury to Plaintiff's nervous system and person, all of which said injuries have caused and continue to cause the Plaintiff great mental, physical and nervous strain, pain and suffering. Plaintiff's General Damages are in a sum to be proved at the time of trial.

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, as follows:

### AS TO THE FIRST CAUSE OF ACTION

1.      Economic Damages as proved at the time of trial;

2.      Non-Economic Damages as proved at the time of trial;

3.      Costs of suit;

4.      For such other and further relief as the Court may deem just and proper;

### AS TO THE SECOND CAUSE OF ACTION

5.      Economic Damages as proved at the time of trial;

6.      Non-Economic Damages as proved at the time of trial;

7.      Costs of suit; and

8.      For such other and further relief as the Court may deem just and proper.

### AS TO THE THIRD CAUSE OF ACTION

1.      Economic Damages as proved at the time of trial;

2.      Non-Economic Damages as proved at the time of trial;

3.      Costs of suit; and

4.      For such other and further relief as the Court may deem just and proper.

### AS TO THE FOURTH CAUSE OF ACTION

1.      Economic Damages as proved at the time of trial;

2.      Non-Economic Damages as proved at the time of trial;

3.      Costs of suit; and

4.      For such other and further relief as the Court may deem just and proper.

**COMPLAINT FOR DAMAGES**

## AS TO THE FIFTH CAUSE OF ACTION

1.    Economic Damages as proved at the time of trial;

2.    Non-Economic Damages as proved at the time of trial;

3.    Costs of suit; and

4.    For such other and further relief as the Court may deem just and proper.

## AS TO THE SIXTH CAUSE OF ACTION

1.    Economic Damages as proved at the time of trial;

2.    Non-Economic Damages as proved at the time of trial;

3.    Costs of suit; and

4.    For such other and further relief as the Court may deem just and proper.

## AS TO THE SEVENTH CAUSE OF ACTION

1.    Economic Damages as proved at the time of trial;

2.    Non-Economic Damages as proved at the time of trial;

3.    Costs of suit; and

4.    For such other and further relief as the Court may deem just and proper.

## AS TO THE EIGHTH CAUSE OF ACTION

1.    Economic Damages as proved at the time of trial;

2.    Non-Economic Damages as proved at the time of trial;

3.    Costs of suit; and

4.    For such other and further relief as the Court may deem just and proper.

DATED: June 2, 2022                    *Law Offices of Demos P. Anagnos*

                                       **By:**    *Demos P. Anagnos*
                                                **Demos P. Anagnos**
                                                Attorneys for Plaintiff, Kenneth Johnson

**COMPLAINT FOR DAMAGES**

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Demos P. Anagnos, Esq. 163191<br>Law Offices of Demos P. Anagnos<br>8117 West Manchester Avenue, Suite 860<br>Playa Del Rey, California 90291<br>TELEPHONE NO.: (310) 498-6600  FAX NO. *(Optional):* (877) 440-0908<br>E-MAIL ADDRESS: demosanagnoslaw@gmail.com<br>ATTORNEY FOR *(Name):* Plaintiff, Kenneth Johnson | **FOR COURT USE ONLY**<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>**JUN 06 2022**<br><br>BY _____ DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, California 92415
BRANCH NAME: JUSTICE CENTER

CASE NAME: Johnson vs. Prologis; et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: CIV SB 2 2 1 1 4 4 6 |
|---|---|---|
| [X] **Unlimited**   [ ] **Limited**<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] **Counter**   [ ] **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [X] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence       court
                                           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 2, 2022

Demos P. Anagnos, Esq.           ▶    *Demos P. Anagnos*
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

JOHNSON, KENNETH

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

JOHNSON, KENNETH

*DO NOT FILE WITH THE COURT*
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name and Address)*:<br>Demos P. Anagnos, Esq.<br>103191<br>Law Offices of Demos P. Anagnos<br>8117 West Manchester Avenue, Suite 860<br>Playa Del Rey, California 90291<br>**TELEPHONE NO.:** (310) 498-6600<br>(877) 440-0908<br>**ATTORNEY FOR** *(Name)*: Plaintiff, Kenneth Johnson | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, California 92415
BRANCH NAME: JUSTICE CENTER

PLAINTIFF: Kenneth Johnson, an Individual
DEFENDANT: Prologis NA2 U.S., LLC; et al.

| **STATEMENT OF DAMAGES**<br>**(Personal Injury or Wrongful Death)** | **CASE NUMBER:** |
|---|---|

To *(name of one defendant only)*: Crown Equipment Corporation
Plaintiff *(name of one plaintiff only)*: Kenneth Johnson
seeks damages in the above-entitled action, as follows:

|  |  | AMOUNT |
|---|---|---|
| 1. | **General damages** | |
| a. [X] | Pain, suffering, and inconvenience | $ 1,000,000 |
| b. [X] | Emotional distress | $ 1,000,000 |
| c. [ ] | Loss of consortium | $ |
| d. [ ] | Loss of society and companionship *(wrongful death actions only)* | $ |
| e. [ ] | Other *(specify)* | $ |
| f. [ ] | Other *(specify)* | $ |
| g. [ ] | Continued on Attachment 1.g. | |
| 2. | **Special damages** | |
| a. [X] | Medical expenses *(to date)* | $ 1,000,000 |
| b. [X] | Future medical expenses *(present value)* | $ TBD |
| c. [X] | Loss of earnings *(to date)* | $ TBD |
| d. [X] | Loss of future earning capacity *(present value)* | $ TBD |
| e. [ ] | Property damage | $ |
| f. [ ] | Funeral expenses *(wrongful death actions only)* | $ |
| g. [ ] | Future contributions *(present value) (wrongful death actions only)* | $ |
| h. [ ] | Value of personal service, advice, or training *(wrongful death actions only)* | $ |
| i. [X] | Other *(specify)* Loss of Quality of Life | $ 1,000,000 |
| j. [ ] | Other *(specify)* | $ |
| k. [ ] | Continued on Attachment 2.k. | |

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* $ _____
when pursuing a judgment in the suit filed against you.

Date: June 2, 2022

Demos P. Anagnos, Esq.                          *Demos P. Anagnos*
_____          ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                                   Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]
**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**
Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CEB Essential Forms
ceb.com

JOHNSON, KENNETH

| PLAINTIFF: Kenneth Johnson, an Individual | CASE NUMBER: |
|---|---|
| DEFENDANT: Prologis NA2 U.S., LLC; et al. | |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify)* :

   b. on *(name)* :
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served)* :

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)* :
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*

   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*

   f. ☐ Other *(specify code section)* :
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

▶ _____
(SIGNATURE)

CIV-050 [Rev. January 1, 2007]
**PROOF OF SERVICE**
**(Statement of Damages)**
Page 2 of 2
Code of Civil Procedure, §§ 425.11, 425.115
CEB | Essential Forms
ceb.com

JOHNSON, KENNETH

CIV-050

*- DO NOT FILE WITH THE COURT -*
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | | FOR COURT USE ONLY |
|---|---|---|
| Demos P. Anagnos, Esq.  (310) 498-6600<br>103191  (877) 440-0908<br>Law Offices of Demos P. Anagnos<br>8117 West Manchester Avenue, Suite 860<br>Playa Del Rey, California 90291 | TELEPHONE NO.: | |

ATTORNEY FOR *(Name)*: Plaintiff, Kenneth Johnson

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, California 92415
BRANCH NAME: JUSTICE CENTER

PLAINTIFF: Kenneth Johnson, an Individual
DEFENDANT: Prologis NA2 U.S., LLC; et al.

| | |
|---|---|
| **STATEMENT OF DAMAGES**<br>**(Personal Injury or Wrongful Death)** | CASE NUMBER: |

To *(name of one defendant only)*: Prologis NA2 U.S., LLC
Plaintiff *(name of one plaintiff only)*: Kenneth Johnson
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [X] Pain, suffering, and inconvenience .................................................. $ 1,000,000
   b. [X] Emotional distress ...................................................................... $ 1,000,000
   c. [ ] Loss of consortium ...................................................................... $
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ......... $
   e. [ ] Other *(specify)* ......................................................................... $
   f. [ ] Other *(specify)* ......................................................................... $
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses *(to date)* ......................................................... $ 1,000,000
   b. [X] Future medical expenses *(present value)* ....................................... $ TBD
   c. [X] Loss of earnings *(to date)* .......................................................... $ TBD
   d. [X] Loss of future earning capacity *(present value)* .............................. $ TBD
   e. [ ] Property damage ......................................................................... $
   f. [ ] Funeral expenses *(wrongful death actions only)* ............................... $
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ...... $
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $
   i. [X] Other *(specify)* Loss of Quality of Life ...................................... $ 1,000,000
   j. [ ] Other *(specify)* ......................................................................... $
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* $
   when pursuing a judgment in the suit filed against you.

Date: June 2, 2022

Demos P. Anagnos, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Demos P. Anagnos*
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

CEB Essential Forms
ceb.com

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

JOHNSON, KENNETH

| PLAINTIFF: Kenneth Johnson, an Individual | CASE NUMBER: |
|---|---|
| DEFENDANT: Prologis NA2 U.S., LLC; et al. | |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages  ☐ Other *(specify)* :

   b. on *(name)* :
   c. by serving  ☐ defendant  ☐ other *(name and title or relationship to person served)* :

   d. ☐ by delivery  ☐ at home  ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:
2. Manner of service *(check proper box)* :
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*

   d. ☐ **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*

   f. ☐ Other *(specify code section)* :
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

► _____
(SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

► _____
(SIGNATURE)

| CIV-050 [Rev. January 1, 2007] | **PROOF OF SERVICE**<br>**(Statement of Damages)** | Page 2 of 2<br>Code of Civil Procedure, §§ 425.11, 425.115 |
|---|---|---|

CEB | Essential Forms
ceb.com

JOHNSON, KENNETH

**DO NOT FILE WITH THE COURT**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Demos P. Anagnos, Esq. <br> 103191 <br> Law Offices of Demos P. Anagnos <br> 8117 West Manchester Avenue, Suite 860 <br> Playa Del Rey, California 90291 | (310) 498-6600 <br> (877) 440-0908 | |

ATTORNEY FOR *(Name):* Plaintiff, Kenneth Johnson

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, California 92415
BRANCH NAME: JUSTICE CENTER

PLAINTIFF: Kenneth Johnson, an Individual
DEFENDANT: Prologis NA2 U.S., LLC; et al.

| STATEMENT OF DAMAGES <br> (Personal Injury or Wrongful Death) | CASE NUMBER: |
|---|---|

To *(name of one defendant only):* Unilever Foods
Plaintiff *(name of one plaintiff only):* Kenneth Johnson
seeks damages in the above-entitled action, as follows:

**1. General damages**

|  |  | AMOUNT |
|---|---|---|
| a. ☒ Pain, suffering, and inconvenience | $ | 1,000,000 |
| b. ☒ Emotional distress | $ | 1,000,000 |
| c. ☐ Loss of consortium | $ | |
| d. ☐ Loss of society and companionship *(wrongful death actions only)* | $ | |
| e. ☐ Other *(specify)* | $ | |
| f. ☐ Other *(specify)* | $ | |
| g. ☐ Continued on Attachment 1.g. | | |

**2. Special damages**

| a. ☒ Medical expenses *(to date)* | $ | 1,000,000 |
|---|---|---|
| b. ☒ Future medical expenses *(present value)* | $ | TBD |
| c. ☒ Loss of earnings *(to date)* | $ | TBD |
| d. ☒ Loss of future earning capacity *(present value)* | $ | TBD |
| e. ☐ Property damage | $ | |
| f. ☐ Funeral expenses *(wrongful death actions only)* | $ | |
| g. ☐ Future contributions *(present value) (wrongful death actions only)* | $ | |
| h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* | $ | |
| i. ☒ Other *(specify)* Loss of Quality of Life | $ | 1,000,000 |
| j. ☐ Other *(specify)* | $ | |
| k. ☐ Continued on Attachment 2.k. | | |

**3.** ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* $ _____
when pursuing a judgment in the suit filed against you.

Date: June 2, 2022

Demos P. Anagnos, Esq.
(TYPE OR PRINT NAME)

▶ *Demos P. Anagnos*
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CIV-050 [Rev. January 1, 2007]
**STATEMENT OF DAMAGES** <br> (Personal Injury or Wrongful Death)
Code of Civil Procedure, §§ 425.11, 425.115 <br> www.courtinfo.ca.gov

CEB® | Essential <br> ceb.com | Forms®

JOHNSON, KENNETH

CIV-050

| PLAINTIFF: Kenneth Johnson, an Individual | CASE NUMBER: |
|---|---|
| DEFENDANT: Prologis NA2 U.S., LLC; et al. | |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service.  Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages   ☐ Other *(specify)* :

   b. on *(name)* :
   c. by serving   ☐ defendant   ☐ other *(name and title or relationship to person served)* :

   d. ☐ by delivery   ☐ at home   ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)* :
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.**  By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.  (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.**  By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.  (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. ☐ **Mail and acknowledgment  service.**  By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*
   e. ☐ **Certified or registered mail service.**  By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served.  (CCP § 415.40)  *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. ☐ Other *(specify code section)* :
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f.  Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

CEB Essential Forms
ceb.com

JOHNSON,  KENNETH



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Johnson -v- Prologis NA2 U.S, LLCet al | | |
|---|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number | |
| | CIVSB2211446 | |

Law Offices of Demos P Anagnos
West Manchester Avenue Suite 860
Playa Del Rey CA  90291

This case has been assigned to:  Janet M Frangie in Department S29 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  12/13/2022  at 8:30 AM in Department S29 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (Local Rule 411.1).

Parties shall file and serve no later than 10 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.   In the event an At Issue Memorandum shall be filed and served no later than 15 days prior to the trial setting conference.

Date: 6/16/2022                                             Nancy CS Eberhardt, Court Executive Officer

By: _____
MeJalee Gay, Deputy Clerk

--------------------------------------------------------------------------------

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:
☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.
Date of Mailing:  6/16/2022

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 6/16/2022 at San Bernardino, CA.

By: _____
MeJalee Gay, Deputy Clerk

SUPERI    COURT OF CALIFORNIA, COUNTY OF     N BERNARDINO

Kenneth Johnson                                    Case CIV SB 2 2 1 1 4 4 6

vs.

**CERTIFICATE OF ASSIGNMENT**

Prologis NA2 U.S., LLC; et al.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above–entitled matter is filed for proceedings in the   San Bernardino Justice Center
District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection
**Nature of Action**          **Ground**

| | | | |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [X] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other | |
| [ ] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

| Location of Incident | 305 Resource Drive |
|---|---|
| (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) | ADDRESS |
| Bloomington | California                        92316 |
| (CITY) | (STATE)              (ZIP CODE) |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

June 2, 2022 _____ at _____ Playa Del Rey _____ , California

*Demos P. Anagnos*
Signature of Attorney/Party

13-16503-360 Rev. 10/84                                                                                                                    SB-16503

American LegalNet, Inc.
www.USCourtForms.com